OPINION *Page 2 
{¶ 1} Defendant-appellant Benjamin L. Hanning appeals the July 5, 2006 Judgment Entry entered by the Muskingum County Court of Common Pleas, which denied his Motion to Modify or Reduce Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On October 20, 2005, the Muskingum County Grand Jury indicted Appellant on an eight count Indictment. Appellant appeared before the trial court for arraignment on October 26, 2005, and entered a plea of not guilty.
 {¶ 3} Appellant filed a motion to suppress. The trial court scheduled a suppression hearing for February 2, 2006. The parties appeared on February 2, 2006, and agreed to the trial court's continuing the hearing in order to facilitate a resolution of the case. During a recess the parties came to a plea agreement. Appellant advised the trial court he wished to withdraw his former plea of not guilty and enter a plea of guilty to six of the eight counts charged in the Indictment. In exchange, the State agreed to nolle the remaining two charges at sentencing. The trial court conducted a Crim. R. 11 colloquy with Appellant. Thereafter, the trial court accepted Appellant's plea and found him guilty. The trial court deferred sentencing pending a presentence investigation.
 {¶ 4} The matter came on for sentencing on March 13, 2006. Defense counsel advised the trial court Appellant was aware of the court date, but had taken ill and was at the hospital. The trial court continued the hearing and issued a bench warrant for Appellant's arrest. The trial court held the warrant for seven days in order to give Appellant an opportunity to present himself. Appellant failed to appear for the second sentencing hearing on March 20, 2006. The trial court revoked Appellant's bond and *Page 3 
activated the warrant for his arrest. On April 10, 2006, Appellant was brought before the trial court in the custody of the Muskingum County Sheriffs Department. The State asked the trial court for leave to nolle counts four and six of the Indictment, which the trial court granted. The trial court indicated it was not inclined to follow the recommendations of the State, and imposed an aggregate sentence of six years imprisonment. The trial court memorialized Appellant's conviction and sentence via Amended Entry filed May 19, 2006. Appellant did not file a direct appeal from the conviction and/or sentence.
 {¶ 5} On June 26, 2006, Appellant filed a pro se Motion to Modify or Reduce Sentence. Therein, Appellant asserted his constitutional rights had been violated as a result of the trial court's failure to honor the terms of the plea agreement. Appellant set forth the following issues for review:
 {¶ 6} "(1) WHETHER TRIAL COURT VIOLATED THE PETITIONER'S RIGHT TO TRIAL BY JURY BY ACCEPTING THE PETITIONER'S NEGOTIATED GUILTY PLEA AND THEN NOT HONORING THE TERMS OF THE PLEA AGREEMENT.
 {¶ 7} "(2) WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE TRIAL COURTS BALK ON THE NEGOTIATED TERMS OF THE PLEA AGREEMENT AND NOT MOVING THE COURT TO WITHDRAW THE GUILTY PLEA ONCE THE COURT DECLINED TO HONOR THE TERMS."
 {¶ 8} Via Judgment Entry filed July 25, 2006, the trial court summarily denied Appellant's motion.
 {¶ 9} It is from this judgment entry Appellant appeals, raising the following assignments of error: *Page 4 
 {¶ 10} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO REASONS OF DISMISSAL AND AS TO GROUNDS OF RELIEF RELIED UPON IN PETITION FOR POST-CONVICTION RELIEF.
 {¶ 11} "II. THE TRIAL COURT VIOLATED DEFENDANT-APPELLANTS RIGHTS TO TRIAL BY JURY BY ACCEPTING DEFENDANT-APPELLANTS NEGOTIATED GUILTY PLEA AND THEN NOT HONORING THE TERMS OF THE PLEA AGREEMENT.
 {¶ 12} "III. THE TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE TRIAL COURTS BREECH [SIC] ON THE NEGOTIATED TERMS OF THE PLEA AGREEMENT AND NOT MOVING THE COURT TO WITHDRAW THE GUILTY PLEA ONCE THE COURT DECLINED TO HONOR THE TERMS."
 I {¶ 13} In his first assignment of error, Appellant maintains the trial court erred in failing to make and file Findings of Fact and Conclusions of Law as to its grounds for denying his petition for post-conviction relief as required by R.C. 2953.21. We agree.
 {¶ 14} The State contends the trial court was not required to make Findings of Fact and Conclusions of Law because Appellant did not file a petition for post-conviction relief, but rather a motion to modify or reduce sentence. We disagree and find the caption of Appellant's pro se pleading does not definitively define the nature of that pleading.State v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304. InReynolds, the Ohio Supreme Court found, despite its caption, an appellant's pleading which (1) is filed subsequent to appellant's time for filing a direct appeal; (2) claims the denial of *Page 5 
constitutional rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and sentence, is a petition for post-conviction relief pursuant to R.C.2953.21(A)(1).
 {¶ 15} Post-conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:
 {¶ 16} "[A]ny person who has been convicted of a criminal offense* * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * *may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1).
 {¶ 17} "Except as provided in section 2953.23 of the Ohio Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date in which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication, or * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal."
 {¶ 18} We find Appellant's motion constitutes a petition for post-conviction relief and, as such, the trial court was required to make and file Findings of Fact and Conclusions of Law giving its grounds for dismissing the petition. The trial court herein *Page 6 
failed to do so. Accordingly, we reverse and remand the matter for Findings of Fact and Conclusions of Law.
 {¶ 19} Appellant's first assignment of error is sustained.
 II, III {¶ 20} Based upon our disposition of Appellant's first assignment of error, we find Appellant's second and third assignments of error moot as being premature.
 {¶ 21} The judgment of the Muskingum County Court of Common Pleas is reversed and the matter remanded to that court for further proceeding in accordance with this opinion and the law.
 Hoffman, J. Gwin, P.J., and Wise, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is reversed and the matter remanded to that court for further proceeding in accordance with our opinion and the law. Costs assessed to Appellee. *Page 1